UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **DANIELLE NICOLE MILLER,** ) | | |
| **individually and as personal** ) | | |
| **representative of the ESTATE OF** ) | | |
| **MICHAEL J. MILLER, deceased, et al.,** ) | | |
| ) | | |
| **Plaintiffs,** ) | | |
| ) | | |
| v. ) | CAUSE NO. 1:08-CV-00189 | |
| ) | | |
| **MICHAEL D. SCHRADER,** ) | | |
| **individually and as Sheriff of Whitley** ) | | |
| **County, Indiana, et al.,** ) | | |
| ) | | |
| **Defendants.** ) | | |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by Defendant Todd Reed (Docket # 110), asserting that this § 1983 case involving an Eighth Amendment claim and a state law wrongful death claim should be dismissed under Federal Rule of Civil Procedure 37(b) as a sanction for Plaintiffs' failure to serve signed interrogatory responses and under Federal Rule of Civil Procedure 41(b) for Plaintiffs' failure to prosecute.[1] This motion was referred to the undersigned Magistrate Judge on June 15, 2009, by District Judge James Moody for the issuance of a Report and Recommendation. (Docket # 116.)

Having reviewed the record and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(d)(1), the undersigned Magistrate Judge

---

[1] Defendants Whitley County and Whitley County Board of Commissioners (together "Whitley County") also filed a motion to dismiss under Rule 37(b) for Plaintiffs' failure to serve signed discovery responses, but now seek to withdraw the motion since Plaintiffs produced the signed responses. (*See* Docket # 112, 113.) As a result, Whitley County's motion does not require analysis and it will be recommended that the motion be shown withdrawn.

recommends that Reed's motion be DENIED. This Report and Recommendation is based on the following facts and principles of law.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2005, Michael Miller died while he was incarcerated at the Whitley County Jail. (Compl. ¶ 57.) Plaintiffs Danielle Miller, individually and as personal representative of the estate of Michael Miller; MLM, a minor child; Kent Miller; and Deidre Bockelman commenced this § 1983 action in the United States District Court for the Southern District of Indiana against Whitley County and certain individuals and entities associated therewith; and the Indiana State Police, its superintendent, and one of its officers, Todd Reed. (Docket # 1.) Plaintiffs advance several federal and state law claims, including that Defendants were deliberately indifferent to Michael Miller's serious medical needs in violation of the Eighth Amendment and a state law wrongful death claim. (Docket # 1.)

On January 12, 2007, Defendant Reed filed a motion to stay the case because he was called for active military duty and deployed to Iraq; the Court granted Reed's request, staying the case until Reed's return from active duty. (Docket # 18, 19.) On March 20, 2007, Plaintiffs requested that the Court lift the stay with respect to all Defendants other than Reed, but the Court denied their request. (Docket # 21, 25.)

On November 21, 2007, Defendant Reed filed a motion to lift the stay and to enlarge his time to respond to Plaintiffs' complaint. (Docket # 26.) One week later, the Court lifted the stay and granted Reed's request for an extension. (Docket # 27.) In December 2007, Whitley County also requested an extension of time within which to respond to Plaintiffs' complaint, and the

Court granted its motion. (Docket # 28-31.)

On December 21, 2007, Defendants Reed, Paul Whitesell, and the Indiana State Police moved to dismiss this action on several bases, including sovereign immunity and the statute of limitations. (Docket # 32.) On January 9, 2008, Whitley County also filed a motion to dismiss, together with a motion to transfer the case from the Southern District of Indiana to the Northern District of Indiana. (Docket # 35.)

Between January 8 and June 9, 2008, Plaintiffs requested five extensions of time within which to respond to Defendants' pending motions to dismiss, which Defendants did not oppose. (Docket # 34, 42, 43, 46-48, 52-54, 58-60, 64-66, 72.) The Court granted each of Plaintiffs' requests for extension. (Docket # 39, 44, 45, 49-51, 55-57, 61-63, 67-69, 74.) After the matter was fully briefed, the Court granted in part and denied in part Defendants' motions to dismiss and granted the transfer of the case to the Northern District of Indiana. (Docket # 81.)

On September 8, 2008, this Court conducted a scheduling conference and set a discovery deadline of May 15, 2009. (Docket # 89.) Plaintiffs requested two extensions of time within which to file their response to Whitley County's first set of interrogatories (Docket # 91, 98), and one extension of time within which to file their response to Reed's first set of interrogatories and request for production of documents (Docket # 101). Neither Reed nor Whitley County opposed Plaintiffs' requests, and the Court afforded Plaintiffs the requested extensions. (Docket # 100, 102.)

On April 21, 2009, Reed and Whitley County each filed a motion to compel, requesting that the Court order Plaintiffs to respond to their interrogatories and request for production of

3

documents. (Docket # 103, 105.) The Court granted the motions to compel that same day, ordering Plaintiffs to respond to the outstanding discovery requests within ten days. (Docket # 108, 109.)

On May 18, 2009, Reed and Whitley County filed the instant motions to dismiss, asserting that Plaintiffs had indeed produced the answers to their interrogatories on May 1, 2009, but that they were unsigned. (Docket # 110, 112.) Three days later, on May 21, 2009, Plaintiffs produced the executed signature page for their interrogatories. (Notice of Compliance and of Req. to Withdraw Pending Mot. to Dismiss ¶ 4.) On June 2, 2009, having received Plaintiffs' executed signature page, Whitley County moved to withdraw its motion to dismiss (Docket # 113), but Reed has not done so.

## II. REED'S MOTION TO DISMISS UNDER RULE 37(b)

### A. <u>Applicable Legal Standard</u>

Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[, including] . . . dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A). "The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the plaintiff's] part." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994). That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id.* (citations omitted). "[A]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v.*

*Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

In that regard, "a finding of willfulness, bad faith, or fault . . . comes into play when dismissals are used specifically as a discovery sanction under [Rule] 37." *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *see also In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). The Seventh Circuit Court of Appeals has cautioned that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort." *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003); *see also Maynard*, 332 F.3d at 467 (stating that "[o]f all possible sanctions, dismissal is considered 'draconian'" and that the court must be "vigilant" in its review of such actions).

### B. <u>Analysis</u>

Reed requests that this case be dismissed as a sanction under Rule 37(b) for Plaintiffs' failure to timely produce signed responses to his interrogatories. He argues that prejudice can be presumed because Plaintiffs' executed responses were produced more than five months after their original deadline and, furthermore, that delay has been a "pattern of conduct" for Plaintiffs as evidenced by their request for five extensions of time to respond to Defendants' motions to dismiss.

Plaintiffs, of course, oppose Reed's motion, arguing that the sanction of dismissal is inappropriate here because the substance of their answers was not altered in any way after they were produced on May 1, 2009, and the delay of the signature page was *de minimis.* (Pls.' Resp. to Todd Reed's Mot. to Dismiss ¶¶ 6, 7.) They explain that the signature page was delayed seventeen days because the Plaintiff who needed to sign the interrogatories lives out of state and

5

is a single mother with a busy career. (Pls.' Resp. ¶¶ 2, 3.)

While their proffered explanation for the delay hardly constitutes good cause, Plaintiffs do persuasively assert that the draconian sanction of dismissal is not warranted here. Indeed, Reed does not explain how he was actually prejudiced by Plaintiffs' brief delay with respect to the signature page, and for his assertion of presumed prejudice, cites to a case addressing a failure to prosecute under Rule 41(b), *not* a failure to comply with discovery under Rule 37(b). *See Washington v. Walker*, 734 F.2d 1237 (7th Cir. 1984). Moreover, Reed has *never opposed* any of Plaintiffs' requests for extension of time, and thus his assertion now of prejudice rings a bit hollow.

Furthermore, because of the extremely harsh nature of the sanction of dismissal, some courts have considered it improper to dismiss a case under Rule 37(b) "unless the non-complying party has been sufficiently warned that further intransigence warrants dismissal." *Woods v. Chicago Transit Auth.*, No. 04 C04124, 2006 WL 2460618, at *4 (N.D. Ill. Aug. 18, 2006) (*citing Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997)). To date, Plaintiffs have received no such warning from this Court. Plaintiffs now, however, should consider themselves duly warned that any additional discovery transgressions may result in sanctions against them, up to and including dismissal of this action.

In short, dismissal as a sanction is simply not proportionate to the objectionable conduct in this instance – that is, the seventeen-day delay of an executed signature page to a response to interrogatories.[2] Therefore, it will be recommended that Reed's motion for dismissal of this suit

---

[2] Reed does not request any sanction other than dismissal of this case.

as a sanction under Rule 37(b) be denied.

### III. REED'S MOTION TO DISMISS UNDER RULE 41(b)

#### A. Applicable Legal Standard

The Court has the authority to dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Northern District of Indiana Local Rule 41.1. As with a dismissal under Rule 37(b), "dismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736-37 (7th Cir. 2008) (citations and internal quotation marks omitted); *see also Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). Because this is an "extraordinarily harsh sanction," *Kruger*, 214 F.3d at 787, "a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." *Gabriel*, 514 F.3d at 737 (quoting *Sharif v.Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

#### B. Analysis

Reed argues that this case should be dismissed under Federal Rule of Civil Procedure 41(b), asserting that in the year and a half since the stay was lifted there has been "little action on the Plaintiff's part to indicate she intends to prosecute the matter." (Mem. of Law in Supp. of Mot. to Dismiss for Failure to Prosecute and Comply with Ct. Order 2.) As articulated *supra*, Reed contends that prejudice may be presumed from Plaintiffs' "unreasonable delay." (Mem. of Law 3.)

Reed's assertion that there has been "little action" by Plaintiffs in this suit is misplaced.

7

Plaintiffs have filed at least six motions during the year and a half since the stay was lifted (Tr. 34, 42, 43, 46-48, 52-54, 58-60, 64-66, 72, 91, 98, 101), filed responses to Defendants' various motions (Tr. 70, 71, 73, 114), participated in hearings and the preparation of a report of parties' planning meeting (Tr. 87, 89, 100), and responded to Defendants' discovery requests (Pls.' Resp. ¶ 9).

And, Reed's contention that prejudice can be presumed by Plaintiffs' five-month delay in forwarding signed responses to his discovery and his citation to *Washington v. Walker*, 734 F.2d 1237 (7th Cir. 1984), in support thereof misses the mark as well. In *Washington*, prejudice was presumed with respect to a motion to dismiss for failure to prosecute when plaintiffs "virtually abandoned th[e] case, doing nothing to move it forward *for more than five years*." *Id*. at 1240 (emphasis added). Plaintiffs' five-month delay here is simply not analogous, especially considering the fact that Reed did not object to Plaintiffs' requests for extensions of time.

Furthermore, like dismissal under Rule 37(b), dismissal for want of prosecution is an extraordinarily harsh sanction that courts generally do not order without first providing an explicit warning to the plaintiff. *Gabriel*, 514 F.3d at 737; *Kruger*, 214 F.3d at 787. Here, the Court has issued no such warning to Plaintiffs.

Consequently, it will be recommended that Reed's motion to dismiss under Rule 41(b) for want of prosecution be denied.

## IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Motion to Dismiss for Failing to Comply with Court Order Regarding Discovery (Docket # 112)

8

filed by Defendants Whitley County and Whitley County Board of Commissioners be DEEMED WITHDRAWN and that Defendant Reed's Motion to Dismiss for Failure to Prosecute and Comply With Court Order (Docket # 110) be DENIED.

    The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

    SO ORDERED.

    Enter for this 24th day of June, 2009.

                                                   S/Roger B. Cosbey
                                                   Roger B. Cosbey,
                                                   United States Magistrate Judge