# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DANIELLE NICOLE MILLER, individually and as personal representative of the estate of Michael J. Miller, deceased, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) CASE NO. 1:08-CV-189 |
| v. | ) ) ) |
| MICHAEL D. SCHRADER, et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court in this 42 U.S.C. § 1983 action is a Motion to Stay, Extension of Time, and Reopening of Pretrial Deadlines (Docket # 135) filed by Plaintiffs, seeking an extension of time within which it may retain an expert witness. Defendants filed responses objecting to Plaintiffs' motion to stay (Docket # 136, 139), but Plaintiffs did not reply and the time to do so has since passed. Also before the Court is an uncontested Second Motion for Enlargement of Time (Docket # 140) filed by the Whitley County Sheriff Defendants, requesting a thirty-day extension within which to file their motion for summary judgment.

For the following reasons, Plaintiffs' motion to stay will be DENIED, while Defendants' motion for an extension of time will be GRANTED.

### II. FACTUAL AND PROCEDURAL HISTORY

This § 1983 suit advancing a claim under the Eighth Amendment arises from the death of Michael J. Miller in the Whitley County Jail on June 17, 2005. (Docket # 1.) Plaintiffs filed their

complaint on November 9, 2006, and after several motions filed by Defendants were addressed, including a motion to stay, a motion to transfer, and a motion to dismiss, this Court conducted a scheduling conference on September 8, 2008. (Docket # 89.)

At or subsequent to the scheduling conference, the Court established the following deadlines: discovery, May 15, 2009 (Docket # 89); expert disclosure from Plaintiffs, January 1, 2009, and from Defendants, February 1, 2009 (Docket # 87); and dispositive motions, October 2, 2009 (Docket # 120). On September 9, 2009, Defendants Michael Schrader, the Whitley County Sheriff's Department, Wendell Enyeart, and Brandon Chordas (collectively, the "Whitley County Sheriff Defendants") requested a sixty-day extension of the dispositive motion deadline, and the Court extended the deadline until December 1, 2009. (Docket # 121, 122).

On September 25, 2009, Defendants Whitley County and the Whitley County Board of Commissioners filed a motion for summary judgment (Docket # 123), and on October 2, 2009, Defendant Todd Reed did the same (Docket # 129). On November 6, 2009, Plaintiffs filed the instant Motion for Stay, Extension of Time, and Reopening of Pretrial Deadlines, requesting that the Court temporarily stay the action, grant indefinite extensions of time on all pending motions, and permit the reopening and resetting of pre-trial deadlines because Plaintiffs have a "short-term lack of [financial] resources" that have prevented them from retaining an expert in this matter. (Docket # 135.) On November 17, 2009, the Whitley County Sheriff Defendants sought an additional thirty-day extension of the dispositive motion deadline, to which Plaintiffs do not object. (Docket # 140.)

## III. APPLICABLE LAW

### A. Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* (citing *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004)). "'[I]f there is even a fair possibility that the stay . . . will work damage to some one else', the party seeking the stay must make out a clear case of hardship or inequity in being required to go forward." *Id*. (quoting *Landis*, 299 U.S. at 255).

### B. Expert Witness Discovery Rules

Federal Rule of Civil Procedure 26 requires a party to disclose the identity of any expert witness it intends to use at trial and to submit a written report prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2); *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785 (7th Cir. 2000). This disclosure must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). "The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their case adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 138 F. Supp. 2d 1088, 1093-94 (N.D. Ill. 2001) (citing *Sherrod*

*v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004) ("Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial.").

Consequently, Federal Rule of Civil Procedure 37(c) provides sanctions for failing to comply with Rule 26(a)(2)'s requirements: "the offending party is not allowed to introduce the expert witness's testimony as 'evidence on a motion, at a hearing, or at a trial.'" *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1); *Jenkins v. Bartlett*, 487 F.3d 482, 488 (7th Cir. 2007)). "This sanction is 'automatic and mandatory' unless the offending party can establish 'that its violation of Rule 26(a)(2) was either [substantially] justified or harmless.'" *Ciomber*, 527 F.3d at 641 (internal quotations and citations omitted); *see also Mid-Am. Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). In making the determination whether a particular violation of Rule 26(a) is justified or harmless, "the district court should consider the surprise or prejudice to the blameless party, the ability of the offender to cure any resulting prejudice, the amount of disruption to the trial that would result from permitting the use of the evidence, and the bad faith involved in not producing the evidence at an earlier date." *Spearman Indus.*, 138 F. Supp. 2d at 1094 (citing *Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995)); *see also Keach v. U.S. Trust Co.*, 419 F.3d 626, 640 (7th Cir. 2005).

## IV. DISCUSSION

Here, Plaintiffs request that the Court "temporarily stay the action, grant indefinite extensions of time on all pending motions, and permit the reopening and resetting of pre-trial deadlines . . . ." (Mot. for Stay ¶ 9.) As justification for this relief, Plaintiffs explain that at the

4

time the action was filed, their counsel believed that they would need expert testimony to survive any motions for summary judgment and that such expert's fees would be paid by Kent Miller, the decedent's father who was dismissed as a Plaintiff in this case on August 8, 2008. (Mot. for Stay ¶¶ 2, 3; Docket # 81.) Kent, although willing, has been unable to provide the financing for an expert due to the recent economic downturn. (Mot. for Stay ¶ 5.) Consequently, Plaintiffs request a stay of this case for at least sixty days "while [they] attempt to obtain the funds needed for an expert to be retained." (Mot. for Stay ¶ 10.)

Plaintiffs' request for relief is not well taken. Counting the time this case spent in the Southern District and here, it has been pending for over three years, and the deadline for the disclosure of experts (an agreed deadline set by counsel) was almost one year ago–that is, January 1, 2009. Thus, "[t]his is not a case where the [expert] disclosure was late by a trivial amount of time." *Musser*, 356 F.3d at 758-59. Indeed, discovery closed on May 15, 2009, two motions for summary judgment by Defendants have been pending since September, and a third motion for summary judgment will soon be filed. Thus, it is abundantly clear that issuing a stay to allow Plaintiffs time to possibly import an expert witness into the case at this juncture, *after* Defendants already filed summary judgments motions, would unduly prejudice Defendants. *Pfizer*, 640 F. Supp. 2d at 1007.

Furthermore, Plaintiffs certainly have not made "out a clear case of hardship or inequity in being required to go forward" in this case. *Id*. Plaintiffs admit knowing since the onset of this case that they would need to retain an expert, yet more than three years have passed and they have failed to do anything about it. Indeed, "[t]he lack of effort in retaining an expert is not a substantial justification for the ensuing delays and deficiencies." *Keten v. State Farm Fire &*

*Cas. Co.*, No. 2:06 cv 341, 2008 WL 5220854, at *3 (N.D. Ind. 2008) (excluding expert testimony where the plaintiff asserted that the delay in retaining and disclosing the expert was due to a lack of financial resources). And, Plaintiffs made no effort to bring their plight to the Court's attention prior to the expert disclosure deadline, but instead waited until Defendants expended their time and resources in drafting summary judgment motions. Plaintiffs' "tactical decision to wait and see", *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997), falls utterly short of creating a "clear case of hardship or inequity" worthy of a stay. *Pfizer*, 640 F. Supp. 2d at 1007.

As explained earlier, the disclosure of an expert witness must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). "Deadlines such as those envisioned by Rule 26(a)(2)(B) and 37(c)(1) are essential to the maintenance of a smooth and orderly flow of cases." *Finwall v. City of Chicago*, 239 F.R.D. 494, 503 (N.D. Ill. 2006) (citation omitted). Moreover, the sanction for failing to disclose the expert witness's testimony in compliance with Rule 26(a)(2) is "automatic and mandatory", *Ciomber*, 527 F.3d at 641, unless the violation of Rule 26 was either "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, Plaintiffs' delay in disclosing an expert witness is neither substantially justified nor harmless. Therefore, Plaintiffs' motion for stay, an extension of time, and the reopening of pretrial deadlines will be DENIED.

As to the Whitley County Sheriff Defendants' motion for an additional enlargement of time, it will be GRANTED. Plaintiffs do not object to the additional thirty-day extension, and the trial date has yet to be set in this matter. Therefore, the Whitley County Sheriff Defendants' deadline to file their dispositive motion will be extended until January 4, 2010.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Stay, Extension of Time, and Reopening of Pretrial Deadlines (Docket # 135) is DENIED, and the Whitley County Sheriff Defendants' Second Motion for Enlargement of Time is GRANTED. The Whitley County Sheriff Defendants shall have until January 4, 2010, to file their motion for summary judgment.

SO ORDERED.

Enter for the 9th day of December, 2009.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge